UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALFREDO LIMON-LOPEZ,<br><br>    Defendant. | Case No.: CR 12-0753-SBA (KAW)<br><br>REPORT AND RECOMMENDATION REGARDING GUILTY PLEA |

Magistrate Judge Kandis A. Westmore recommends that the district judge accept Defendant Alfredo Limon-Lopez's guilty plea entered in open court on September 30, 2013. Specifically, Defendant pleaded guilty pursuant to a written plea agreement to Count One of the indictment, charging Defendant with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (possession with intent to distribute methamphetamine).  The court makes the following findings:

    1.  On the hearing date set forth above, with the assistance of counsel, Defendant waived his right to enter his guilty plea before a district judge and instead consented to enter his plea in a hearing before a magistrate judge.  Specifically, Defendant was advised that he had a right to plead guilty before a district judge, and that he could waive that right and consent to enter his plea in a plea hearing before a magistrate judge.  The magistrate judge also advised him that she would issue a written report recommending that the district judge accept the guilty plea, that the district judge would review that recommendation and determine whether to accept the guilty plea, and that the district judge and not the magistrate judge would sentence him.  Defendant was also advised of the procedures (also set forth at the end of this recommendation) for challenging the magistrate judge's recommendation.  Defendant then waived his right to proceed before a district

court judge in open court and in writing and consented to enter a change of plea before a magistrate judge.

2. A full plea hearing was held in the manner set forth in Federal Rule of Criminal Procedure 11. In particular, the magistrate judge reviewed, and Defendant acknowledged that he understood, the following: (a) the nature of each charge and the maximum penalties, as set forth in Fed. R. Crim. P. 11(b)(1) (G)-(L); (b) the effect of the advisory Sentencing Guidelines and 18 U.S.C. § 3553(a), *see* Fed. R. Crim. P. 11(b)(1)(M); and (c) the rights he was waiving by pleading guilty, *see* Fed. R. Crim. P. 11(b)(1) (A)-(F). The court reviewed the specific provisions of the plea agreement regarding waiving the right to appeal or collaterally attack the sentence. *See* Fed. R. Crim. P. 11(b)(1)(N). The court also determined that there was a factual basis for the guilty plea. *See* Fed. R. Crim. P. 11(b)(3).

3. The plea agreement itself was disclosed in open court, *see* Fed. R. Crim. P. 11(c)(2), and Defendant was advised as follows:

> The plea agreement was made pursuant to Rule 11(c)(1)(A) and (c)(1)(C) of the Federal Rules of Criminal Procedure. If Defendant pleads guilty, the government will agree that a specific sentence or sentencing range is appropriate. The government will also agree not to file any additional charges against Defendant that could be filed as a result of the investigation that led to the indictment. *See* Fed. R. Crim. P. 11(c)(1)(A). The district judge may accept the agreement, reject it, or defer a decision until the district judge has reviewed the presentence report. To the extent that the district judge accepts the agreement, the agreed disposition will be reflected in the judgment. If the district judge rejects the agreement, the court will give Defendant an opportunity to withdraw the guilty plea. If Defendant does not withdraw his plea, then the district judge may impose a more severe sentence without being bound by the plea agreement.

*See also* Fed. R. Crim. P. 11 (c)(3)-(5).

4. The magistrate judge also addressed Defendant personally in open court, and determined that the plea was voluntary and did not result from force, threats, or promises (other than the promises in the plea agreement). *See* Fed. R. Crim. P. 11(b)(2).

5. After the advisements set forth in Rule 11, and summarized here, Defendant pleaded guilty. The court found that he was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the guilty plea, and that

2

the guilty plea was knowing and voluntary and supported by an independent factual basis. This court thus recommends that the district judge accept Defendant's guilty plea.

6. Any party may serve and file specific written objections within fourteen days after being served with a copy of this order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. Failure to file objections within the specified time may waive a party's right to review. *See* Fed. R. Crim. P. 59(b).

7. This matter is set for sentencing before the district court on December 17, 2013 at 10:00 a.m.

IT IS SO RECOMMENDED.

Dated: September 30, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge